No. 40,222

In the Matter of the Partnership Estate of C. F. Johnston, Deceased. HELEN KELSO and H. KELSO FEED COMPANY, a Corporation, *Appellees,* v. CLIFFORD JOHNSTON, Administrator of the Partnership Estate of C. F. Johnston, Deceased, in Partnership with Cliff Johnston under the Firm Name of C. F. Johnston Hay Company, *Appellant.*

(304 P. 2d 461)

Opinion filed December 8, 1956.

*Joseph P. Jenkins,* of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, John E. Shamberg, Thomas E. Joyce, Albert M. Ross,* and *Wash Brown,* all of Kansas City, were with him on the brief for the appellant.

*Harley V. Haskin,* of Olathe, and *Bert Steeper,* of Kansas City, Missouri, argued the cause, and were on the brief for the appellees.

The opinion of the court was delivered by

THIELE, J.: The present appeal arises from the allowance of demands against a partnership estate which was being administered in the probate court.

On some date not disclosed by the abstract the H. Kelso Feed Company by its president, Helen Kelso, filed its petition in the probate court alleging petitioner was a creditor of C. Franklin Johnston and Clifford Johnston doing business as C. F. Johnston Hay Company and that petitioner had loaned the Hay Company the sum of $1,000 on December 13, 1952, with interest at six percent and that no payments had been made thereon, and also that the Hay Company was indebted to petitioner for commissions due in the sum of $412.32 on which there was a credit due of $141.50 leaving the net sum due and claimed of $270.82 and interest from September 1, 1954, at six percent. Petitioner prayed for allowance of its claim.

On some undisclosed date Helen Kelso filed her petition alleging she had a demand against the partnership estate; that she was the assignee of the H. Kelso Feed Company of a note for $6,000 dated April 14, 1953, due one year after date with interest at two percent, signed by C. F. Johnston and Mrs. C. F. Johnston; that in fact the note was an obligation of the partnership of C. Franklin Johnston and Clifford Johnston, and there was due thereon the sum of $6,000 and interest. She prayed her demand be allowed against the partnership estate.

The abstract does not contain any objections filed to the allowance of the above demands but the counter abstract contains a statement the administrator filed objections reciting only that he denied the existence of any obligation.

The two claims were heard together in the probate court where the testimony of eight witnesses was received in evidence. That court, after considering the pleadings and the evidence, allowed the claim of the H. Kelso Feed Company for a loan in the principal amount of $1,000 and interest and for commissions in the sum of $270.82 and interest, and the claim of Helen Kelso in the sum of $6,000 and interest and classified both claims in the fourth class. From these allowances, appeals were taken to the district court.

The matter was later heard in the district court. The journal entry of judgment recites that by agreement the claims were presented on the same pleadings filed in the probate court and on the evidence introduced in that court as shown by a transcript thereof; that no requests were made for additional pleadings, and that the defense the commissions were usurious was not set up in the pleadings, was not mentioned in the transcript, but was urged in the administrator's brief; that the court was in doubt whether the ad-

ministrator, not having pleaded usury as a defense, could now rely on it but that the district court had studied the transcript and given consideration to the defense and found generally in favor of each claimant and against the administrator and it specifically found:

"That the agreement for the payment of the commissions on the sale of hay was a part of the agreement whereby the H. Kelso Feed Company permitted the deceased to engage in the hay business in its place of business, and that the agreement for said commissions was not exacted by the H. Kelso Feed Company as a condition to or tribute for the loan of $7,000.00, nor as a scheme to circumvent the interest laws of Kansas, and that the commissions actually paid were not paid nor received by way of usurious interest payments on the loan."

The journal entry further recites that Helen Kelso was given judgment against the partnership for $6,326.66 and interest and H. Kelso Feed Company was given judgment against the estate for $1,474.46 and interest and each claim was assigned to the fourth class of claims. We here note that appellant states in his brief that the latter amount includes the $1,000 item in the H. Kelso Feed Company's claim, and that there is no dispute as to it.

In due time the administrator perfected an appeal to this court specifying error with respect to matters which he presents under different headings, his over-all contention being that the evidence discloses that certain commissions paid to the H. Kelso Feed Company prior to the death of C. F. Johnston were exactions for the loan evidenced by the note presently held by Helen Kelso, who obtained title with notice, and actually constituted payment of interest on the loan in amounts violating the usury laws of this state, and that the administrator was entitled to the remedy afforded under G. S. 1949, 16-202 or 16-203, and an extended argument is presented.

In support appellant calls attention to *Marshall v. Beeler*, 104 Kan. 32, 178 Pac. 245, which contains an interesting discussion of the history of usury and of our statutes with respect thereto, and also to cases and authorities holding that where the defense of usury is interposed the courts will look to the substance of the transaction to determine whether it is usurious although cloaked under the guise of a commission, bonus or other name and will render such judgment as will do justice and vindicate the law, citing, *inter alia, Loan Co. v. Solomon*, 71 Kan. 185, 79 Pac. 1077. It may be observed the rule contended for was recognized in *State ex rel., v. Miller*, 177 Kan. 324, Syl. 4, 279 P. 2d 223. Taking his

own view of what the evidence established the appellant contends there was no consideration for the payment of commissions other than the granting of the loan; that the interest provision in the note was a sham; that the commissions paid or claimed as unpaid were in fact payments of interest and exceed the statutory rate, and he is entitled to the remedy provided in G. S. 1949, 16-202. He also contends that Helen Kelso took the note from the H. Kelso Feed Company with notice, a matter not in dispute. He also makes a considerable argument that intent to evade the usury laws is not a necessary element of the violation thereof and says the only statement relative to intent is that found in *State, ex rel., v. Miller,* supra, local citation 331 and the third paragraph of the syllabus, which reads:

"In order that there be a usurious contract there must be a loan or forbearance of money or its equivalent, an unlawful intent, an understanding that the loan be paid, and an exaction for the use of the loan of something in excess of what is permitted by law."

In view of what is later said we need not explore the question of intent at length, but in *Lusk v. Smith,* 71 Kan. 550, 556, 81 Pac. 173, it was said that the burden is upon the party seeking to impeach the transaction to show guilty intent and that the contract was a cover for usury, and it was held in that case that where an agreement to pay interest is subject to two constructions, one of which will make it usurious, and the other not, the court will adopt the latter. Appellant also contends that he is not now precluded from raising the defense of usury because he did not specifically plead such a defense in the probate court. We observe he didn't ask permission to amend to assert that defense either in the probate court or in the district court to which he appealed, but in view of what is later said we shall not discuss the question.

The appellees contend that whether the commissions paid constituted interest was a question of fact which was determined adversely to the appellant by the district court and the first and primary question is whether there was any substantial evidence to support the trial court's findings. With respect to that contention we observe the following. In *Reno County Community Hospital Ass'n v. Woodford Estate,* 171 Kan. 97, 100, 229 P. 2d 730, this court adhered to the rule that where the evidence is in the form of a transcript, it is the responsibility of this court to decide what the facts establish, substantially as it would in an original action, and

a number of our decisions are cited including *Shriver v. Besse,* 163 Kan. 402, 183 P. 2d 407. In the last mentioned case, which involved an antenuptial contract found by the probate court in the first instance to have been obtained by fraud, and, when tried in the district court on appeal where the evidence consisted of a transcript of the proceedings in the probate court, a similar holding was made, we said:

"From the manner in which this case reaches us, we determine the facts from the printed page. We have not seen the witnesses. We cannot be unmindful, however, that the witnesses were all personally present in the probate court, and the court concluded that the antenuptial contract was obtained by fraud." (l. c. 412.)

Under the above rule we examine the record as abstracted and without going into details find the following was disclosed. For many years H. Kelso Feed Company was engaged in business at a stated location in Kansas City, Kansas, owning its own place of business and operating equipment. On some day prior to December, 1952, the H. Kelso Feed Company sold to Ted Johnson and C. F. Johnston, the operating equipment used by Kelso, and operated from the Kelso office and warehouse. The evidence does not disclose the arrangements between the Kelso Company and Johnson and Johnston. Johnson and Johnston did not agree between themselves and each endeavored to operate from the Kelso place of business. Kelso felt that C. F. Johnston was in the right but in order for him to continue in the business he had to have operating capital and other assistance. On December 13, 1952, Kelso and Johnston made an agreement whereby Kelso loaned Johnston the sum of $6,000, later evidenced by a note made April 14, 1953, rented him the place of business and agreed to assist Johnston by calling on the trade and his past customers in consideration of which Johnston was to pay Kelso a commission on all hay sold at the rate of twenty-five cents per ton on hay sold to packing houses, fifty cents a ton on hay shipped, and one dollar a ton on hay sold to dairymen, whether sold at the solicitation of Kelso or not. After the above agreement and note were made and on August 3, 1953, Clifford Johnston entered into a partnership with C. F. Johnston. The abstract does not disclose whether objection was made or not, but Clifford Johnston testified at length as to what C. F. Johnston had told him about the arrangements for a commission to Kelso. He stated C. F. Johnston had told him the commissions on all hay sold

were instead of interest on money advanced. He also stated the commissions obtained only as to hay sold at the solicitation of Kelso, and no objection was made as to commissions so charged and collected. Other witnesses were permitted to testify over objection as to what C. F. Johnston said concerning the arrangements and transactions he had had with Kelso. The evidence as to the amount of hay sold and the commissions paid need not be detailed.

We have considered the entire evidence from which the above review is made, its character and persuasiveness, and have concluded, as did the probate court and the district court, that the claimants, regardless of which party had the burden of proving a usurious contract, by a preponderance of the evidence, established that the agreement for the payment of commissions on all hay sold was based upon the consideration of Kelso's assistance in the conduct of the Johnston business, and that it was not an agreement limited to sales solicited by Kelso personally, nor was it an agreement that the commissions were in lieu of interest on the loan evidenced by the note of Johnston to the Kelso company.

It has not been made to appear there was any error in the judgment of the district court and it is affirmed.